NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-863

COMMONWEALTH

vs.

RICHARD MELANSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from an order of the District Court, dismissing a criminal complaint against the defendant following the allowance of the defendant's motion to dismiss. We reverse in part.

The defendant's motion to dismiss asserted that the Commonwealth's application for criminal complaint "contained material misleading statements and omissions undermining the integrity of all [c]ounts in the [c]omplaint," and the judge dismissed the complaint on that basis.[1]  Specifically, the

_____

[1] The defendant also asserted that the application for criminal complaint failed to establish the minimal elements of the charged offenses, but the judge did not address that claim. Though we may affirm an order of the trial court on any ground supported by the record, we agree with the Commonwealth that (with the exception of count one) the evidence recited in the application sufficed to support the complaint, for substantially the reasons explained at pages twenty-six through thirty-two of

defendant suggested that the Commonwealth failed to include information in its application for criminal complaint that might have called into question the credibility of the complaining witness. However, the defendant has not demonstrated that the police officer who prepared the application for complaint was aware of the information cited by the defendant.[2] In any event, the information did not demonstrate that the evidence supporting the application was untrue; it was simply of the type that might be used, at trial, to impeach or otherwise call into question the credibility of that evidence.[3] See Commonwealth v. Graham, 431 Mass. 282, 290 (2000). It did not distort the evidence, or display an intent to deceive the magistrate. Contrast Commonwealth v. O'Dell, 392 Mass. 445, 446-447 (1984). In a criminal complaint process, the Commonwealth does not have a duty to produce "all available exculpatory evidence," but only that evidence which would "gravely undermine evidence supporting

---

the Commonwealth's brief. The defendant does not argue otherwise in his brief. As to count one of the complaint, the Commonwealth has conceded that there was no probable cause to support it, and that it does not seek by this appeal to reinstate it.

[2] To the extent the defendant faults the Commonwealth for not conducting a more thorough investigation to uncover such evidence, the criticism is misplaced. See Commonwealth v. Richardson, 49 Mass. App. Ct. 82, 84 (2000).

[3] We need not discuss in detail the evidence the defendant describes as exculpatory, other than to observe that, as the Commonwealth's brief explains at pages twenty-four to twenty-six, it largely reflected competing narratives of the relevant incidents, related by different witnesses.

2

probable cause."  Commonwealth v. Biasiucci, 60 Mass. App. Ct. 734, 738 (2004).

The allowance of the defendant's motion to dismiss counts two through four of the complaint was error, and the order of the District Court is accordingly reversed as to those counts. As to count one, the order is affirmed.

So ordered.

By the Court (Green, C.J.,
  Shin & Hershfang, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  April 20, 2023.

---

[4] The panelists are listed in order of seniority.